IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JESSIE HILL
ADC #104136                                                              PLAINTIFF

v.                          No. 5:15-cv-64-DPM-BD

ARTIS RAY HOBBS, Director, ADC;
RAYMOND NAYLOR, Internal Affairs Investigation
Director, ADC Compliance Division;
MARVIN EVANS, JR., Deputy Director, ADC
Compliance Division; WILLIAM STRAUGHN,
"Billy," Warden, Tucker Maximum Security Unit,
ADC; JADA LAWRENCE, Administrative Assistant
to Director, ADC; DALE REED, Chief Deputy Director,
ADC; DANNY BURL, Warden, Maximum Security Unit,
ADC; STEVE R. OUTLAW, Assistant Deputy Warden, Maximum
Security Unit, ADC; M.E. WILLIAMS, Chief of Security,
Maximum Security Unit, ADC; ANTHONY JACKSON,,
Captain, Maximum Security Unit, ADC; ANDREW RUH,
Lieutenant, Maximum Security Unit, ADC; KENNETH
FRAZIER, "Keith," Captain, Maximum Security Unit,
ADC; BARBARA LYNN MATTHEW-GARDNER,
Lieutenant, Maximum Security Unit, ADC; NICOLIA
KELLY, Lieutenant, Maximum Security Unit, ADC;
JOHN H. SPEARS, Lieutenant, Maximum Security Unit,
ADC; RORY L. GRIFFIN, Director, Department of Health
and Correctional Programs; RICARDO JOHNSON,
"Carlos," Sergeant, Maximum Security Unit, ADC; EDDIE TURNER,
Sergeant, Maximum Security Unit, ADC; STANLEY
ABERNATHY, Sergeant, Maximum Security Unit, ADC;
CHRISTOPHER GRIFFITH, Lieutenant, Maximum Security Unit,
ADC; BRANDY S. BINNS, Corporal, Maximum Security
Unit, ADC; TAWANNA M. WADE, Corporal, Maximum
Security Unit, ADC; JERRY S. JACKS, Corporal, Maximum
Security Unit, ADC; GREGORY NEWSOME, Corporal,

Maximum Security Unit, ADC; CHARLOTTE SANDERS, Sergeant, Maximum Security Unit, ADC; RICHARD CLARK, Sergeant, Maximum Security Unit, ADC; M. GARDNER, CO-I, Maximum Security Unit, ADC; D.L. HORNER, Corporal, Maximum Security Unit, ADC; MALIK TUCKER, Corporal, Maximum Security Unit, ADC; ANGELA TYLER, Corporal, Maximum Security Unit, ADC; WILLIE BLAIR, Corporal, Maximum Security Unit, ADC; TAYLOR WILLIAMS, Corporal, Maximum Security Unit, ADC; AIKEN, Assistant Deputy Warden, Maximum Security Unit, ADC; WATSON, Sergeant, Maximum Security Unit, ADC; BRINKER, Sergeant, Maximum Security Unit, ADC; AARON THOMAS, Corporal, Maximum Security Unit, ADC; CLARY, Corporal, Maximum Security Unit, ADC; JROD PRICE, Sergeant, Maximum Security Unit, ADC; SEWELL, Sergeant, Maximum Security Unit, ADC; CONNIE L. JENKINS, Classification Officer, Maximum Security Unit, ADC; KATHLEEN LOWERY, Corporal, Maximum Security Unit, ADC; LAKISHA S. LEE, Administrative Specialist I, Maximum Security Unit, ADC; FELICIA BENTLY, Administrative Specialist III, Maximum Security Unit, ADC; LINDA D. ERWIN, Grievance Coordinator, Maximum Security Unit, ADC; K. HORNER, Nurse, CCS; LEONA MOSBY, Nurse, CCS; JASMINE SAIN, Nurse, CCS; JAMERE JACKSON, Nurse, CCS; HAMILTON, Nurse, CCS; KEITHA DODSON, Nursing Director, Maximum Security Unit, ADC; NATASHA CARLENE BRANTLEY, Medical Records Administrator, Maximum Security Unit, ADC; ALVA M. McDOWELL, Health Services Administrator, Maximum Security Unit, ADC; MARK GEORGE GREGORY, Health Services Administrator, Maximum Security Unit, ADC; JOHN STEPHENSON, "Joseph," Nurse, CCS; CHAMBERS, Corporal, Maximum Security Unit, ADC;

**CARTER, Corporal, Maximum Security Unit, ADC;
WENDY KELLEY, Director, ADC; LARRY NORRIS,
Interim Director, ADC; JUSTINE M. MINOR,
Correctional Officer, Maximum Security Unit,
ADC; and KEITH WADDLE, Disciplinary
Hearing Officer, ADC**                     **DEFENDANTS**

## ORDER

Hill moved to voluntarily dismiss his complaint so he could exhaust his administrative remedies. № 20. Magistrate Judge Deere recommended that the Court grant the motion. № 21.

Hill has objected to getting what he asked for. His objections are extensive—20 pages worth, with 90 more pages of attachments. Hill makes many points: he argues the merits of his claims against the many defendants; he argues that Judge Deere should have recused, as he requested; he argues that his complaint and amended complaint were acceptable; and he argues that he has pleaded imminent danger sufficiently such that the Court should allow him to proceed *in forma pauperis* notwithstanding his three strikes. № 23.

On *de novo* review, Fed. R. Civ. P. 72(b)(3), the Court dismisses Hill's

complaint without prejudice. First, he has three strikes* and has not pleaded any imminent danger adequately. Second, his complaint and amended complaint violate Rule of Civil Procedure 8(a). They are too long and too complicated. *Michaelis v. Nebraska State Bar Association*, 717 F.2d 437, 438–39 (8th Cir. 1983). Bringing together almost 200 various claims against 60 defendants is simply not a manageable lawsuit. Judge Deere gave Hill three opportunities to propose an amended pleading, which trimmed things down and clarified his claims. № *4, 12 & 15*. Hill did not do so. Third, the record presents no basis supporting the disqualification of Judge Deere.

Whether to dismiss his case is Hill's choice. The Court construes his objection as a request to withdraw his motion. Request granted; the motion to dismiss, № *20*, is deemed withdrawn; and the recommendation, № *21*, is declined. Having considered all the filings of record, however, the Court dismisses Hill's complaint without prejudice for noncompliance with Rule 8 and because he didn't pay the filing fee and can't proceed IFP.

---

* *Hill v. Hobbs, et al.*, 5:12-cv-313-SWW (E.D. Ark. 5 November 2012); *Hill v. Williams, et al.*, 4:11-cv-74-DPM (E.D. Ark. 23 April 2012); *Hill v. Anthony, et al.*, 4:11-cv-136-BSM (E.D. Ark. 1 August 2011).

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

23 April 2015